UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barrington Wayne Grant, #1059-2465-1018, | ) C/A No. 4:17-2120-BHH-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Barnwell County Detention Center, | ) |
| | ) |
| Cpt. Razar, | ) |
| Defendants. | ) |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff is a pretrial detainee. He attempts to state a § 1983 action based in the Fourth Amendment. A pretrial detainee's § 1983 action is evaluated under the Fourteenth Amendment.

*Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870. He alleges Defendant Razar searched his cell, strip searched his person, wanded his body, and x-rayed his midsection. (ECF No. 1 at 4). Plaintiff states this occurred in front of other named officers and other inmates in the dorm. Plaintiff states as injuries "emotional distress."[1] (ECF No. 1 at 6). Plaintiff requests as relief "place civil suit against Cpt. Razar and Barnwell County Detention Center." Plaintiff states that Defendant Razar said he got a signal of a cell phone coming from Plaintiff's cell. Other officers told Plaintiff they do not have a device to detect phone signals. (ECF No. 1 at 9).

This court has on multiple occasions summarily dismissed actions with nonspecific requests for relief due to the prohibition on federal courts from issuing advisory opinions, where if the plaintiff prevailed and relief requested was granted that did not produce any remedy, such would be an advisory opinion.[2] Were this court to find that Plaintiff's rights were violated, but order no

---

[1] To the extent Plaintiff only alleges injuries of emotional distress, it is well-settled that emotional distress is not actionable under 42 U.S.C. § 1983 for monetary damages, due to prohibitions by the PLRA. Case law has held that there is no federal constitutional right to be free from emotional distress, and, hence, there is no liability under § 1983 regarding such claims. *Simmons v. Smith*, 2012 WL 2935369 (D.S.C. July 2, 2012)(citing *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1985) and *Rodriguez v. Comas*, 888 F.2d 899, 903(1st Cir.1989)). Indeed, the Prison Litigation Reform Act provides that physical injuries are a prerequisite for an award of damages for emotional distress under § 1983. 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury").

[2] *See Allen v. Smith*, No. 9:07-1645-DCN-GCK, 2007 WL 2572203 (D.S.C. Aug. 31, 2007); *Pry v. Robert Bosch Corp.*, No. 2:07-1887-DCN-RSC, 2007 WL 2688611 (D.S.C. Sept. 10, 2007); *Magwood v. Haberstadt*, No. 2:14-3972-DCN-BM, 2015 WL 11109868 (D.S.C. Apr. 15, 2015), *aff'd*, 2015 WL 11089530 (D.S.C. May 7, 2015), *aff'd*, 615 Fed. Appx. 125 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1828 (2016); *Conrad v. Ingram*, No. 4:11-3268-RBH-KDW, 2012 WL 1655305, (D.S.C. Apr. 13, 2012), *report and recommendation adopted*, No. 4:11-3268-RBH, 2012 WL

remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the United States Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v. Young*, 55 Fed. Appx. 187, 188 (4th Cir. 2003) (same). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). In absence of a remedial request for relief from Plaintiff [3], the Complaint filed in this case is frivolous. *See also note 2 supra*.

**Barnwell County Detention Center**

Furthermore, Defendant Barnwell County Detention Center is subject to summary dismissal on additional grounds. In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). The Barnwell County Detention Center ("BCDC") does not exist as a legal entity capable of suing or

---

1655304 (D.S.C. May 10, 2012); *Karagi v. South Carolina*, No. 3:09-1316-JFAJRM, 2009 WL 1834384 (D.S.C. June 26, 2009); *Petty v. Kirkland R & E Corr. Inst.*, No. 3:08-3061-PMD, 2008 WL 4791655 (D.S.C. Oct. 28, 2008); *Finch v. McCormick Corr. Inst.*, No. 4:09-2265-MBS-TER, 2010 WL 5691511(D.S.C. June 2, 2010), *report and recommendation adopted*, No. 4:09-2265-JMC, 2011 WL 379470 (D.S.C. Feb. 2, 2011); *Haskett v. Glenn*, No. 6:07-269-RBH, 2007 WL 776323 (D.S.C. Mar. 12, 2007); *Washington v. Van Doran*, No. 6:09-2106MBS, 2009 WL 2982684(D.S.C. Sept. 11, 2009).

[3] As a matter of course, Plaintiff may amend his Complaint once before a responsive pleading is filed. Fed. R. Civ. Proc. 15; *see also Grady v. White*, No. 16-7722, 2017 WL 1437235 (4th Cir. April 24, 2017)(dismissing without remanding to district court because district court previously afforded Plaintiff the chance to amend his complaint). Plaintiff's attention is drawn to this rule as he may be able to cure the deficiency noted above.

being sued as it is a building, not a person, and, thus cannot act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore BCDC is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). Thus, dismissal is appropriate and recommended for Plaintiff's claims against the BCDC. BCDC is not a defendant amenable to suit under §1983.

### <u>RECOMMENDATION</u>

Accordingly, it is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B).


<u>s/ Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2017
Florence, South Carolina


**Plaintiff's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).